FILED
CLERK
4/20/2015 1:32 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HAWARD PARKER, #14007033,

                    Plaintiff,

    -against-

EDWARD MANGANO, NASSAU COUNTY
CORRECTIONAL CENTER, SHERIFF MICHAEL
SPOSATO, in his individual capacity,

                  Defendants.
----------------------------------------------------------------X

OPINION AND ORDER
15-CV-1258 (SJF)(SIL)

FEUERSTEIN, District Judge.

I.    Introduction

On March 4, 2015, incarcerated *pro se* plaintiff Haward Parker ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("§ 1983") against Nassau County Executive Edward Mangano ("Mangano"), the Nassau County Correctional Center ("the Jail"), and Nassau County Sheriff Michael Sposato ("Sposato") (collectively, "defendants") accompanied by an application to proceed *in forma pauperis*.

Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, for the reasons that follow, the complaint is **dismissed with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b) **unless plaintiff files an amended complaint no later than May 25, 2015**.

II.     Background[1]

Plaintiff's complaint alleges that on January 28, 2015 at 8:30 p.m., he was the victim of a malicious assault while housed at the Nassau County Correctional Center ("NCCC"). Despite NCCC's directives requiring a correctional officer to be at his post to provide care and to control the inmates while they are out of their cells, no officers were at their posts when plaintiff was assaulted. Compl. ¶ IV. During the assault, plaintiff's nose was broken and a slash across the left side of his face with a razor-like object required two-hundred and thirty (230) stitches to close the wound. *Id*. at ¶ IV.A. Plaintiff claims that he is in fear for his life and safety and continues to experience tremendous physical and emotional pain and mental anguish. *Id.* He seeks compensatory damages in the amount of two million dollars ($2,000,000), punitive damages from defendants in their individual capacities, and a declaratory judgment as to his rights. *Id*. at ¶ V.

III.    Discussion

    A.     *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, *see*, *e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

B. Application of 28 U.S.C. § 1915

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant with immunity. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both § 1915 and § 1915A applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of a proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (internal quotation marks and citation omitted); *see also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, 133 S. Ct. 846 (2013) (accord). "A pleading that offers 'labels and conclusion' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557); *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

    C.    Section 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *See, e.g.*, *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). To state a claim under § 1983, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S. Ct. 1497, 1501-02 (2012). Section 1983 does not create any independent substantive rights; rather, the statute provides a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or by evidence of an official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). Where a § 1983 claim fails to allege the personal involvement of each defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010).

1. Entities Immune From Suit

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *See Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); *see also Sullins v. Nassau Cnty. Corr. Ctr.*, 12 Civ. 2632, 2012 WL 2458213, at *3 (E.D.N.Y. June 27, 2012) (dismissing claims against the Nassau County Jail because it lacks the capacity to be sued); *Lukes v. Nassau Cnty. Jail*, 12 Civ. 1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012)

(dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County."); *Hawkins v. Nassau Cnty. Corr. Fac.*, 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011). Accordingly, plaintiff's claims against the Jail are dismissed in their entirety with prejudice. However, given plaintiff's *pro se* status, the Court will construe his claims as asserted against Nassau County.

2.   Municipal Liability

It is well-established that a municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691(1978); *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a § 1983 claim against a municipality, a plaintiff must show "that action pursuant to official municipal policy caused the alleged constitutional injury." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (internal quotations and citation omitted); *see also Monell*, 436 U.S. at 690-91. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011); (2) actions taken or decisions made by municipal policymaking officials, *i.e.*, officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights, *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004); *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent

6

and widespread as to practically have the force of law," *Connick*, 131 S. Ct. at 1359; *Green v. City of New York*, 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (quotations and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates," *Cash*, 654 F.3d at 334 (quotations and citations omitted); *see also Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 439 (2d Cir. 2009).

Plaintiff's allegations are insufficient to state a claim against Nassau County under § 1983 because he has failed to allege: (1) the existence of a formal policy officially endorsed by the County; (2) actions taken or decisions made by officials with policymaking power which caused the alleged civil rights violations; (3) a practice so persistent and widespread as to practically have the force of law; or (4) a failure by County policymakers to properly train or supervise their subordinates, which amounts to "deliberate indifference" to the rights of those who come into contact with their employees. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal of § 1983 claim based upon plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as is required to state a § 1983 claim against a municipality"). Therefore, plaintiff's complaint does not state a plausible *Monell* claim against Nassau County and the claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. Claims Against Mangano and Sposato

As discussed above, a § 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law. *Johnson*, 360 F. App'x at 201. Although plaintiff names

7

Mangano and Sposato as defendants, the complaint contains no allegations or references to either defendant and, accordingly, plaintiff has not alleged a viable § 1983 claim against them. Given the absence of any allegations of conduct or inaction attributable to either of the individual defendants, plaintiff's claims against them are implausible and are therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    D. Leave to Amend

A district court should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "amend[ment] should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*per curiam*) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

As discussed above, any amendment to plaintiff's claims against the Jail would be futile because it lacks capacity to be sued. **As to Mangano, Sposato, and/or the County of Nassau, plaintiff is granted leave to file an amended complaint no later than May 25, 2015.** If plaintiff files an amended complaint, he must set forth the factual allegations to support his civil rights claim(s) as set forth above. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this order. If plaintiff fails to file an amended

8

complaint within the time allowed, the complaint shall be dismissed, judgment shall enter, and the case will be closed. If plaintiff does file an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915A.

IV. Conclusion

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. Plaintiff's claims against the Jail are *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. 1915(e)(2)(B)(iii) and 1915A(b)(2). Plaintiff's claims against the remaining defendants are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) **unless plaintiff files an amended complaint no later than May 25, 2015**. The Clerk of the Court shall, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: April 20, 2015
      Central Islip, New York

                                       /s/
                              Sandra J. Feuerstein, U.S.D.J.